**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01584-JLK

LAFAYETTE DENTAL OFFICE, P.C., d/b/a LAFAYETTE DENTAL EXCELLENCE, and MITCHELL FRIEDMAN, D.D.S.

  Plaintiffs,

v.

SHAWNA DOSS and
CHRISTOPHER JACKSON,

  Defendants.

---

**ORDER GRANTING MOTION TO REMAND (Doc. 15)**

---

Kane, J.

  This employment dispute between a dentist and two former employees was originally filed in Boulder County in April 2015. The state court complaint was brought by the dentist accusing the employees of theft, conversion, conspiracy, and breach of fiduciary duty based on allegations they had used their positions of trust to take prescription pads and illegally obtain large amounts of prescription drugs. Defendants filed answers denying the allegations, and Defendant Doss in addition asserting Counterclaims for retaliatory discharge and malicious abuse of process. Doss asserts Plaintiffs filed their lawsuit not because of any wrongdoing on the part of Defendants, but because she had uncovered evidence of fraudulent billing practices and had refused to sign a nondisclosure agreement or otherwise acquiesce in keeping silent. Invoking a sort of whistleblower status, Doss claimed the lawsuit was brought to intimidate her and prevent her from exercising her First Amendment rights of free speech and to petition

the government for redress.

Plaintiffs moved to dismiss Doss's Counterclaims, specifically arguing with respect to her First Amendment claim that jurisdiction was exclusive in the federal district court and that the state court therefore lacked subject matter jurisdiction over it. *See* Pls' Mot. Dismiss Def. Doss's First and Third Claims for Relief, filed July 7, 2015, ¶¶ 33, 45 (attached to the Notice of Removal as CM/ECF Doc. 1-18)("The United States District Court has original jurisdiction over civil actions which arise under the Constitution of the United States," and "[a]ccordingly, this court, which is a state district court, and not a federal district court, does not have subject matter jurisdiction over this claim for relief."). This argument is erroneous, but the result is that Ms. Doss, without waiting for the state court to rule and attempting to "correct" her mistake, filed her Notice of Removal invoking this court's "original" jurisdiction over her First Amendment claim.

Plaintiffs moved to remand, arguing both that the Notice of Removal was defective because it failed to include formal written consent from Doss's co-Defendant under 28 U.S.C. § 1446(b)(2)(A), and failed to confer federal subject matter jurisdiction on the court because the First Amendment does not apply between private citizens. Mot. Remand (Doc. 15). Citing the fee-shifting provisions of 28 U.S.C. § 1447(c), Plaintiffs also asked that any remand order include an assessment of fees against Ms. Doss for an improvident removal.

In her response brief (Doc. 16), Ms. Doss consents to remand, but urges me to deny Plaintiffs' request for fees under § 1447(c). Doss maintains her federal claim is colorable and her Notice valid, but agrees her First Amendment allegations fit within state wrongful discharge rubric. Because she plans to augment her state law claims

with additional facts learned in discovery, she agrees the state court forum is sufficient. She denies she should be on the hook for Plaintiffs' fees, however, given that it was their position on the unavailability of state court jurisdiction over her First Amendment counterclaim that caused her to file the Notice of Removal in the first place. "Plaintiff[s] cannot have it both ways," she argues, by urging the state court, on the one hand, to dismiss her claim because only the federal court has subject matter jurisdiction over it, and then challenging the federal court's removal jurisdiction on the other when she attempts remedy the problem. Doss is wrong about her Notice – it is defective (albeit not for the reasons asserted by Plaintiffs)[1] – but it is also true that Plaintiffs whipsawed her on the federal jurisdictional issue and should not be rewarded for precipitating the ensuing goose chase.

To recognize the whipsaw is in no way to endorse the premise on which it rests, which is wholly erroneous. Few maxims are as established in our system of justice as the principle that state courts, in the absence of any express statement of Congress to the contrary, have concurrent jurisdiction over cases "arising under" federal law. *See Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507-08 (1962)(reciting history and

---

[1] The statutory right to removal under 28 U.S.C. § 1441 is limited to "defendants," and limited further by the principle that defendants may remove an action only on the basis of claims brought against *them*, and not on the basis of counterclaims, cross-claims, or defenses they may assert against others. *See* Wright, Miller & Cooper, 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.). Because Ms. Doss stands as a plaintiff with respect to counterclaim forming the basis for federal removal jurisdiction, she cannot avail herself of § 1441 and her Notice is defective. Her Notice is not defective for the reason stated by Plaintiffs, as Ms. Doss's representation in her Notice that Mr. Jackson, who is her husband, "consents" to removal is sufficient for § 1446(b) unanimity requirement.

collecting authority).[2] This includes Ms. Doss's First Amendment/public policy counterclaim in this case. That Plaintiffs posited the contrary in their Motion to Dismiss, and Ms. Doss relied on it to effect a wholly unnecessary removal, suggests a pox on both houses. Far from awarding attorney fees to one side or the other, I should be discussing an order directing both to reimburse this court for the time and resources wasted. *See* 28 U.S.C. § 1927.

Section 1447(c) permits a district judge to include in any order remanding a case to state court a requirement for payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts have generally applied § 1447(c) to shift fees where there was "no objectively reasonable basis for removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), but the act is discretionary and there is no "automatic entitlement to an award of attorney fees."

---

[2]  Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule. [Footnote omitted.]  This Court's approach to the question of whether Congress has ousted state courts of jurisdiction was enunciated by Mr. Justice Bradley in *Claflin v. Houseman*, 93 U.S. 130, 23 L.Ed. 833, and has remained unmodified through the years. 'The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws, and treaties of the United States, has been elaborately discussed, both on the bench and in published treatises * * * (and) the result of these discussions has, in our judgment, been * * * to affirm the jurisdiction, where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case.' 93 U.S., at 136 [collecting cases and citing to history, including The Federalist No. 82 (Hamilton)].

*Dowd* at 507-08 and n.5.

*Valdez v. WalMart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). Here, the basis for removal was the erroneous belief that Doss's counterclaim had to be filed, if anywhere, in federal court. Because that belief was shared, and actually precipitated, by the Plaintiffs in their Motion to Dismiss the counterclaim below, I decline to award them their fees under § 1447(c).

Based on the foregoing, Plaintiffs' Motion (Doc. 15) is GRANTED, and this action is REMANDED to the District Court for Boulder County, Colorado. Plaintiffs' request for attorney fees under 28 U.S.C. § 1447(c) is DENIED. Each side shall bear its own costs. Dated this 18th day of September, 2015

                                      *s/John L. Kane*
                                      SENIOR U.S. DISTRICT JUDGE